25-10742-smr Doc#9-1 Filed 05/22/25 Entered 05/22/25 19:32:56 Exhibit A State Court Turnover Order Pg 1 of 17

1/30/2025 10:46:17 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 96782332
By: JACKSON, MONICA J
Filed: 1/29/2025 4:56:17 PM

**2025-06306 / Court: 80** 133rd

Cause No. _____

| | | |
|---|---|---|
| **HOUSE MOSAIC HOLDINGS, LLC**, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| Vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| **NOBLE CAPITAL SERVICING, LLC**, | § | |
| | § | |
| Defendant. | § | JUDICIAL DISTRICT |

### ORDER OF TURNOVER & APPOINTMENT OF RECEIVER

On the date of entry below, this Court considered Applicant **House Mosaic Holdings, LLC's** ("Applicant") Application for Post-Judgment Turnover and Appointment of Receiver. Having reviewed the application, evidence and arguments, the Court enters the following:

**The Court DEFINES and ORDERS that:**

1) "Creditor" refers to the following described judgment creditor entitled to enforce the Judgment: Applicant House Mosaic Holdings, LLC, care of Seth A. Nichamoff, Nichamoff Law, PC, 244 Times Boulevard, Suite 270, Houston, Texas 77005.

2) "Debtor(s)", refers to the following described Debtor(s) that are subject to the Judgment: Defendant **Noble Capital Servicing, LLC**, a Texas limited liability company, now known as Private Lender Network, LLC, with its principal office located at 9050 North Capital of Texas Highway, Building 3, Austin, Travis County, Texas 78759, its mailing address at 8200 North Mopac Expressway, Austin, Travis County, Texas 78759, and its registered address located at 9050 North Capital of Texas Highway, B, Austin, Travis County, Texas 78759.

3) "Judgment" refers to the Final Judgment entered on December 27, 2024 by the 133rd District Court of Harris County, Texas in Cause No. 2017-80445 in favor of Creditor and against Debtor for the amount of $$2,958,229.77 in damages plus legal fees of $155,028.74, pre-judgment interest on the sum of $927,070 at the annual rate of 8.5% from December 4, 2017 through the date of judgment, pre-judgment interest on the sum of $2,031,159,77 at the annual rate of 8.5% from October 2, 2018 through the date of judgment, court costs, and post judgment interest accruing at a rate of 8.5% per annum from the date of entry. To date, Creditor has collected $0.00 against the Judgment.

4) "Receiver," who is an agent of this Court that shall be treated with a similar respect, refers to: Travis B. Vargo (State Bar No. 24047027), 12012 Wickchester, Suite 670, Houston, Texas 77079; (713) 524-2441 telephone; tvargo@vargolawfirm.com.

5) "Receivership Assets" means all Debtor's property not expressly exempt from collection by Chapter 42 of the Property Code and the common law, which may include, but is not limited to: cash, patents, trademarks, service marks, copyrights, websites, domain names, safety deposit boxes, lock boxes, vaults, negotiable instruments, promissory notes, drafts, checks, leases, leaseholds, securities, real property, equipment, vehicles, boats planes, collections, including but not limited to artwork, stamps, coins, guns, crystal, sports cars and memorabilia, records and trains, cattle, livestock, animals, accounts receivable for Debtors and entities owned and controlled by them as described in this Order, minerals, diamonds, gems, and other precious stones, gold, silver, platinum, and all other precious metals, watches, jewelry, contract rights, whether present or future, causes of action and Debtor's name, image and likeness.

**The Court FINDS that:**

6) This court has jurisdiction for this proceeding and can proceed in granting the relief set forth herein immediately. *See* Tex. Civ. Prac. & Rem. § 31.002(a); *Haden v. Sacks*, 332 S.W.3d 523, 531 (Tex. App.—Houston, [1st Dist.] 2009, pet. denied) ("the turnover statute expressly allows separate proceedings for satisfaction of judgments."); *see Children v. Great Sw. Life Ins. Co.*, 700 S.W.2d 284, 289 (Tex. App.—Dallas 1985, no writ) (creditor does not have to wait 30 days before turnover can be granted because a receivership is in the nature of an attachment and garnishment, so the waiting period of Rule 627 is not required). This is a turnover proceeding and Tex. Civ. Prac. & Rem. Code § 64.001 *et seq* is inapplicable. *See Schultz v. Cadle Co.*, 825 S.W.2d 151, 154-55 (Tex. App.—Dallas 1992) (holding requirements of Chapter 64 inapplicable because section 31.002 governed), *writ denied*, 852 S.W.2d 499 (Tex. 1993) (per curiam).

7) The Judgment is valid, and Creditor owns an unsatisfied final judgment against Debtor. *See* Tex. Civ. Prac. & Rem. § 34.001. Creditor has good faith reasons to believe that Debtor own non-exempt rights to present or future property that cannot be readily attached or levied on by ordinary legal process as set forth in their application. The appointment of a Receiver to locate, marshal, and administer assets is justified because the Court believes that non-exempt assets exist which Creditor is justified in believing Debtor will hide.

8) Creditor is entitled to a charging order against Debtor's LLC interests per Tex. Bux. Orgs. Code §101.112(d). It is proper for a receiver to be appointed to monitor the charging order, particularly where the Debtor has hampered and delayed collection efforts by failing to fully and completely respond to the Creditor's post judgment discovery and further disobeyed Agreed Court Orders to Compel said answers and responses. *See Klinek v. LuxeYard, Inc.* 672 S.W.3d 830, 840 (Tex. App.—Houston [14th Dist.] 2006, no pet.); see also *Pajooh v. Royal West Investments LLC, Series E*, 518 S.W.3d 557 (Tex. App.—Houston [1st Dist] 2017, no pet.).

9) The unique power of a Receivership derives from the doctrine of *custodia legis*. Once a turnover order containing an appointment of a Receiver is signed, all of the judgment Debtor's nonexempt property becomes property in *custodia legis,* or "in the custody of the law".[1] In other words, the judgment debtor's property is considered to be in the constructive

---

[1] *First Southern Properties, Inc. v. Vallone*, 533 S.W.2d 339, 343 (Tex. 1976).

Certified Document Number: 118866416 - Page 2 of 16

possession of the court. During the pendency of a Receivership, the Receiver has exclusive possession and custody of the Debtor's property to which the Receivership relates.[2]

10) Pursuant to this Order, the Receiver will have a judicial lien on all non-exempt assets of Debtor and on all non-exempt community assets of Debtor, regardless of whether the Receiver takes actual possession. No one—not even a lien holder with a prior filed deed of trust—can sell property held in *custodia legis* by a duly appointed Receiver without first obtaining approval from the Court in which the Receivership is pending.[3] Any unauthorized transfer of property in the custody of a Receiver is *not merely voidable, it is* void.[4] Thus, any attempt by a judgment Debtor to transfer any of his nonexempt property after the turnover order has been signed is void, and any conveyance of property in the custody of a Receiver without approval by the court has no effect upon the Receivership and the accomplishment of its purposes.[5]

11) The Judgment is not considered a "consumer debt" as defined by the 15 U.S. Code § 1692, the Fair Debt Collection Practices Act (FDCPA). The disclosure of information pursuant to this Order is not a violation of PUC Substantive Rule 25.272. This Order satisfies the law, regulation, or legal process exception to the Proprietary Customer Information Safeguards found in PUC Substantive Rule 25.272 (g)(1). This Order specifically serves as the Court order required by 47 USC § 551 and satisfies all obligations of the responding party to obtain or receive a court order prior to disclosing material containing personally identifiable information of the subscriber and/or customer.

**THEREFORE, the Court ORDERS the relief as set out below:**

12) Appointment / Bond. After taking the oath of office, the Receiver shall be authorized, subject to the control of this Court, to do any and all acts necessary to the proper and lawful conduct of said Receivership. No bond is required of the Receiver because this is a Chapter 31 post-judgment appointment. *Children v. Great Sw. Life Ins. Co.*, 700 S.W. 2d 284, 289 (Tex. App.—Dallas 1985, no writ) (noting that a bond is not required in a Chapter 31 receivership and further noting that "since the underlying obligation has been determined by final judgment, the Debtor will not be harmed if no bond, or merely a nominal bond, is required.").

13) Turnover. The Receivership Assets are turned over to the Receiver. Debtor is enjoined from selling, gifting, destroying, disposing of or otherwise encumbering Receivership Assets. The Receiver is now the legal and equitable owner of the Receivership Assets, regardless of whether Receiver takes actual possession of them. He is further empowered to investigate, locate, sell, compromise, dispose of them within his discretion and as further set forth herein and report to the Court accordingly.

---

[2] *First S. Props.*, at 343; *Ellis v. Vernon Ice Co. & Water Co.*, 86 Tex. 109, S.W. 858 (1893).
[3] *First S. Props.*, at 341; *Huffmeyer v. Mann*, 49 S.W.3d 554, 560 (Tex.App.-Corpus Christi, 2001, no pet.).
[4] *First S. Props.*, at 341.
[5] *T.H. Neel v. WL. Fuller*, 557 S.W2d 73, 76 (Tex. 1977).

Certified Document Number: 118866416 - Page 3 of 16

14) <u>Debtor's Responsibilities to Receiver and the Court.</u> Debtor is Ordered to:

    a. Deliver Receivership Assets to the Receiver or otherwise identify the location of same.

    b. Deliver electronic copies of the items described in Exhibit A, attached hereto as part of this Order, and all documents subsequently requested by Receiver in writing, within ten (10) days.

    c. Identify all property exempt from collection and turnover in writing.

    d. Supplement all disclosures, in writing, within five days of knowledge of information required to be disclosed, without being prompted.

    e. Immediately deliver to Receiver all cell phones, computers, laptops, and devices, used by the Debtors in an unlocked password-less condition, or otherwise provide the passwords to same therewith;

    f. Immediately deliver to Receiver email addresses and websites used by Debtors along with passwords, user identification, login and other credentials used to access same (e.g., financial accounts, webhosting accounts, and other accounts used to control assets).

    g. Comply with demands of the Receiver. If Debtor believes that the Receiver's demands are inappropriate, Debtor must first comply, then seek protection from the Court, after giving full notice to the Receiver in writing and attempting to resolve the issues without Court intervention.

15) <u>Disposition of Debtor's Entities.</u> All legal right, title and ownership of any limited partnership interest, partnership interest, or stock, it has in any entity and business entity of Debtor is divested from the individual and placed in *custodia legis* with the Receiver.[6] If the Debtor is the sole owner of that entity or business, all management authority is vested in the Receiver as if Receiver were the Receiver over that entity. Receiver may collect, seize and dispose of the assets of entities it takes control over per this section. All authority and power of the Debtor to manage the entity is vested in the Receiver and no decision may be made or carried out without the express approval of the Receiver.[7] This order supersedes the authority of any officers, directors or managers of the business entity Debtor.

16) <u>Peace Officers Responsibilities to Receiver and the Court.</u> Every constable, deputy constable, sheriff, deputy sheriff, and other peace officer may accompany Receiver to locations designated by Receiver where Receiver believes that a Debtor's assets or records may be located. The peace officers are ordered to prevent interference with Receiver's carrying out any duty under this order or interference with property in Receiver's control or subject to this order.

---

[6] *Chitex Communication v. Kramer*, 168 B.R. 587, 590 (S.D. Tex. 1994) ("the president of an insolvent corporation had no authority to affect the corporation's property interests once a state court had placed it into receivership".).
[7] *Id.* ("Texas law asserts that Receiver has the full rights that the corporation had.").

4

17) <u>Exclusive Jurisdiction Over Related Disputes and Lawsuits.</u>

    a.     <u>*Custodia Legis.*</u> Receivership Assets are in *custodia legis*. No other court or forum has jurisdiction to adjudicate rights relating to the Receivership Assets because this Court maintains exclusive, sole authority for assets held in *custodia legis* by it.[8]

    b.     <u>Immunity.</u> This Court retains the exclusive jurisdiction, to the exclusion of any other court, over the Receiver for the purpose of determining whether the Receiver is immune for any action taken by Receiver. Any suit or claim against the Receiver must be brought in this appointing Court and/or transferred to this Court for adjudication. Receiver and persons engaged or employed by him are not liable for loss or damage incurred by any person or entity by reason of any for any act performed or omitted to be performed by Receiver or those engaged or employed by Receiver for the discharge of their duties and responsibilities for the Receivership, including exercising control over Receivership Assets. The Receiver is entitled to derived judicial immunity, as applicable, and determined by this Court.

    c.     <u>Debtor Must File Report with the Court.</u> To aid the Court, Receiver, and Debtor(s) in the collection of Judgment, the Debtor(s) may file a detailed accounting of all real and personal property that Debtor(s) contend is exempt from collection under the Texas Property Code. The accounting shall identify the property by address or legal description of any real property and the exemption that applies. The accounting shall reasonably describe the personal property, the physical location of the personal property, and the applicable exemption. All exemptions shall be filed with this Court in writing within ten days of the earlier of (1) receiving this order or (2) the Receivership's collection, control, possession of the property.

    d.     <u>Exempt Property Disputes.</u> If is any dispute whether an asset is Debtors' non-exempt, or property of a Debtor (as opposed to a third party), the Receiver is authorized to take custody or control of the asset pending objections, if any, and/or adjudication by this Court. Debtors claiming an exemption shall file an objection or statement with this Court that claims the exemption, cites the legal and factual grounds for the exemption, and describes the property with sufficient specificity that a constable can levy upon it.

    e.     <u>Disputed Third Party Rights to Property.</u> This Court shall maintain exclusive jurisdiction over fraudulent transfer lawsuits brought by the Receiver or Creditor. The Court shall further maintain exclusive jurisdiction over any litigation pertaining to the ownership interests disputed during the Receiver's actions involving a third party. If any third-party alleges or claims that an asset in the possession of the Receiver or otherwise subject to this order is not or should not be a Receivership asset, they must file a verified claim or intervention into this turnover

---

[8] *See Tex. Am. Bank/West Side v. Haven*, 728 S.W.2d 102, 104 (Tex. App.—Fort Worth 1987,writ dismissed for want of jurisdiction) ("If a court of competent jurisdiction, federal or state, has taken possession of property, or by its procedure has obtained jurisdiction over the same, such property is withdrawn from the jurisdiction of the courts of the other authority as effactually as if the property had been entirely removed to the territory of another sovereignty.") (quoting *Palmer v. Texas*, 212 U.S. 119 (1909)), *Chimp Haven, Inc. v. Primarily Primates, Inc.*, 281 S.W.3d 629, 633 (Tex. App.—San Antonio 2009, no pet); *see also Neel v. Fuller*, 557 S.W.2d 73, 76 (Tex. 1977); *Lauraine v. Ashe*, 109 Tex. 69, 191 S.W. 563, 565 (1917).

proceeding, that attaches admissible evidence substantiating their claim to Receivership Assets in *custodia legis*, with this court within twenty (20) days of their knowledge of the earlier of (1) this order or (2) the Receivership's collection, control, possession of the property. The Court may require a disputing party to post a bond to cover the Receiver's efforts and additional costs associated with the dispute if the Court cannot promptly adjudicate the claim.

    18) <u>Third Parties Responsibilities to Receiver and the Court.</u> Every person with actual notice of this order is ordered not to interfere with property in Receiver's control or subject to this order and is ordered not to interfere with Receiver in the performance of Receiver's duties. Third parties are notified that Receiver (not Debtors) is the party entitled to possess, sell, liquidate, and otherwise deal with Debtors' non-exempt property and once any third party receives notice of this Order, the third party may be subject to liability if the third-party releases property, unless directed by Receiver or the Court.

    a. All third parties who hold Debtor's property or records are ordered to immediately notify Receiver and to deliver the property within five working days of Receiver's demand or actual knowledge of this Order.

    b. All third parties who owe money or other things of value to Debtors shall promptly pay or deliver same to Receiver.

    c. All third parties must comply with requests for records and documents from the Receiver as set forth herein.

    d. All third parties must comply with Receiver requests and notices for stenographic or non-stenographic examinations to discuss Receivership Assets, Debtors' or third parties' knowledge of same.

    e. Anyone resisting Receiver's order or request, based on legal or other advice, is ordered to give the full name, address, fax number, e-mail address, cell phone number, and direct telephone number for each person giving that advice and to instruct those persons to immediately contact Receiver. Doing so waives no attorney-client communication privilege.

    19) <u>Other Judgments.</u> The Receiver may obtain permission from this and other courts to satisfy several judgments against the same Debtor. The Receiver may notice other subsequent receiverships or their controlling court of this receivership and may take legal actions necessary to abate or quash subsequent receiverships.

**Powers GRANTED unto the Receiver by this Court:**

    20) <u>Possession of Receivership Property.</u> Receiver shall take possession, custody and control of Receivership Assets in Debtors' actual or constructive possession, custody, or control, or that the Receiver reasonably believes that Debtor otherwise owns or controls in the possession of third parties. Based on the evidence submitted in the application, Receiver is authorized to seize, freeze and levy the bank accounts, personal property and real property of Debtor.

21) <u>Possession of Documents and Devices.</u> Receiver may take possession, custody and control of records, documents, and devices containing records and information that may lead to the discovery of Receivership Assets in Debtor's actual or constructive possession, custody, or control, or that Debtor otherwise owns or controls in the possession of third parties. Receiver may review information and documents that come into his actual or constructive possession, custody, or control.

22) <u>Title Holds and Transfers.</u> Receiver is hereby granted power of attorney and authorized to sign the name of Debtor to transfer real property titled in the names of Debtors to himself (as Receiver) wherever located. *See Reeves v. Federal Sav. & Loan Ins. Corp.*, 732 S.W.2d 380, 382-83 (Tex. App.—Dallas 1987, no writ) (authorizing the turnover of real property outside the state owned by a debtor under the jurisdiction of Texas courts). Receiver may also elect to place holds on titles to personal property (e.g., vehicles), intangible property, and file notices of receivership and turnover.

23) <u>Value and Sale.</u> Receiver shall use discretion in incurring expenses associated with appraisals, evaluations, listing and advertising agreements in connection with the sale of Receivership Assets.

24) <u>Documents from Third Parties.</u> Receiver may request documents and records from third parties in writing, without a subpoena, and set a reasonable deadline for responses within his reasonable discretion given the circumstances surrounding the request. A written request from the Receiver has the same effect and subpoena and third parties are hereby directed to comply. The Receiver may issue subpoenas with the following language to third parties: "Please do not disclose or notify the user of the issuance of this subpoena. Disclosure to the user could impede an investigation or obstruct justice." Third Parties shall follow and refrain from informing the Debtor. As the instrumentality of this Court, serving under Tex. Civ. Prac. & Rem. § 31.002, Receiver shall protect and not disseminate any third parties' financial information to any other person or entity except to this Court under seal in satisfaction of Tex. Fin. Code §59.006(a)(2). *See First Southern Properties Inc. v. Vallone*, 533 S.W.2d 339, 343 (Tex. 1976) (acknowledging that a Receiver is an instrumentality serving under statutory authority).

25) <u>Charging Order.</u> This is a charging order as contemplated by the Texas Business & Organizations Code. Any limited liability company that is served with a copy of this Order through its registered agent, member, or managers (which the Court hereby authorizes) is Ordered to pay any and all distributions due Debtor to the Receiver directly (not Debtor).

26) <u>Access to Property.</u> Receiver may take all actions to gain access to and enter all real property, leased premises, storage facilities, and safe deposit boxes where non-exempt property, or records of a Debtors may be situated, and to seize the contents. Receiver may access Debtors' homestead property if assisted by law enforcement. Receiver may employ destructive means to bypass or gain access to lockboxes, safes, security systems, or any other area he reasonably believes contains non-exempt assets within any real property or associated curtilage owned or controlled by any Debtor. The Receiver may change locks to all premises at which any property is situated, except Debtor's homestead property.

Certified Document Number: 118866416 - Page 7 of 16

27) <u>Disable or remove non-exempt property.</u> The Receiver may disable or remove non-exempt property belonging to a Debtor or place the property into storage; insure any property taken into his possession; and obtain such writs as Receiver deems necessary to obtain possession. Receiver has no duty to take these actions, or to maintain, guard, or insure property taken into *custodia legis*, or to maintain or pay any lease, nor shall Receiver be required to pay any mortgage, lien or assessment, defend against any lawsuit, pay any tax or fee, file tax returns, maintain any insurance coverage, or have any obligation except as specifically ordered.

28) <u>Obtain credit reports.</u> The Receiver may obtain credit reports, financial institution statements, and other reports to aid in locating assets. Receiver may order Consumer Reporting Agencies, as defined by the Fair Credit Reporting Act ("FCRA") 16 USC § 1681b(f) to provide consumer reports on Debtors and witnesses as allowed under FCRA 16 USC § 1681b(a)(1).

29) <u>Authority to Order Tax Returns.</u> The Court declares that Receiver is a person authorized to sign Internal Revenue Forms 4506-T (Request for Transcript of Tax Return) and 4506 (Request for Copy of Tax Return) to obtain the Debtor(s) tax returns. Receiver is further authorized and empowered to take additional steps, within the discretion of Receiver, in Order to obtain the Debtor(s) tax returns, e.g., logging into the Internal Revenue Service online tax return transcript system.

30) <u>Tax Refunds.</u> Receiver is authorized to sign and submit documents to the Internal Revenue Service to obtain the Debtor's tax refunds or other monies due from the Department of the Treasury.

31) <u>Redirect Postal Mail.</u> Receiver may redirect, read, and copy Debtor's mail, whether electronic, paper, or facsimile, or otherwise, and whether sent to a street address, telephone line, post office box, or via the internet, before and exclusive of receipt. Receiver may establish procedures for allowing Debtor to retrieve the mail, or copies, which includes making copies available to the Debtor electronically.

32) <u>Utilities.</u> The Receiver may order providers of utilities, telecommunications, telephone, cell phone, cable, internet, data services, internet website hosts, email hosts, iCANN providers, satellite television services, and similar services (including ComCast, AT&T, Verizon, Sprint, and Direct TV), and financial institutions to turnover information that Receiver believes may prove or lead to the discovery of the existence or location of a Debtor's whereabouts or non-exempt assets, including account information, telephone numbers, names, service addresses, telephone numbers, payment records, and bank and credit card information. The orders must be directed to the entity from which the information is sought and specifically describe the information requested with the dates for which the information is required, which may not be more than one year before issuing Receiver's request, unless specifically stated in the request or attachments. This order specifically defines Receiver as a state official, acting in an official capacity, as defined in section 182.054(1) of the Texas Utility Code. This order specifically serves as the court order required by 47 USC § 551, and TEX. FIN. CODE § 59.001, and satisfies all obligations of the responding party to obtain or receive a court order prior to disclosing material containing before contained personally identifiable information of the subscriber or customer; disclosing information under this order does not violate PUC Substantive Rule 25.272. This order

Certified Document Number: 118866416 - Page 8 of 16

satisfies the law, regulation, or legal process exception to the Proprietary Customer Information Safeguards found in PUC Substantive Rule 25.272 (g)(1).

33) <u>Support and Assistance.</u> The Receiver may hire any person, firm or company to further remedies available to Receiver, including hiring persons to: change locks to premises belonging to Debtors; exclude persons from interfering with Receiver's custody of the premises; moving or storing Debtor's property; collect accounts receivable; or sell Debtors' non-exempt property. Receiver may employ counsel, at not more than $500.00 per hour, for representation and assistance in the prosecution of this Order, in defense of the Receiver, or in defense or prosecution of causes of action asserted by third parties to Receivership Assets.

34) <u>Checks and Transactional Instruments.</u> The Receiver may endorse and cash checks and negotiable instruments payable to a Debtor or Debtor's entities as described herein, except paychecks for current wages;

35) <u>Real Property Sale.</u> All real property sales must be individually ordered, after notice and hearing.

36) <u>Receiver's Writs.</u> Writs of turnover issued under this order, must not be limited in time or have an expiration date. The clerk is ordered to issue writs on an expedited basis, upon request.

37) <u>Texas Unclaimed Property.</u> Receiver may collect all unclaimed funds belonging to Debtor, including from the Texas Comptroller's Office, and may collect, sell, or assign Debtor's rights to air miles and rewards programs.

38) <u>Service to Receiver.</u> All parties must serve Receiver with copies of all motions, notices, discovery responses, correspondence, and communications between them at the Receiver's address provided above, unless the Receiver provides alternative instructions.

39) <u>Service by Receiver.</u> The Receiver may serve Debtors by placing the documents to be served in the Debtor's mailbox, taping them to the Debtor's door, or delivering them to any adult person at the Debtor's residence or place of business. The Receiver may serve non-natural entities by placing the documents to be served in the registered agents for the entities' mailbox, taping them to the registered agent for the entities' door, or delivering them to the receptionist of the registered agent for an entity's place of business.

40) <u>Receiver Reports.</u> The Receiver may occasionally file reports with this Court. Any party to this suit or subject to the Receiver's actions may file an objection to the Receiver's report. Should no objections be timely received, reports by the Receiver will be considered facts and conclusions of law. Unopposed facts will be conclusively admitted. The Court, *sua sponte,* may confirm, modify, correct, reject, reverse or recommit the report, after it is filed, as the court may deem proper and necessary. Objections must be filed within 20 days, state each disputed ground, the reasons for each dispute, and attach the documents supporting each objection.

Certified Document Number: 118866416 - Page 9 of 16

41) <u>Abandonment of Receivership Assets.</u> Notice of abandonment of receivership assets must be provided. At least ten days before any abandonment, Receiver must file a notice of the intended sale or abandonment that describes the property to be abandoned, its price, if any, and how it will be abandoned; by first class mail to Debtor and every person who has filed a request for notice. Objections to the proposed abandonment must state the grounds and be filed within five days after Receiver's service of the notice. If no objection is timely filed, Receiver may abandon the property as described in the notice, without further order. If an objection is timely filed, the proposed abandonment must not be completed until the Court has decided the objection.

42) <u>Ancillary Litigations.</u> Receiver may but is not required to defend or prosecute any litigation regarding the Debtors or Receivership Assets. Receiver may intervene into lawsuits being prosecuted by Applicant given Receiver's potential interest in Debtor's assets.

43) <u>Receiver Expenses.</u> Receiver may incur reasonable expenses in furtherance of this Order and reimburse himself for same without further Order of this Court. Nevertheless, Receiver shall account for expenses incurred in his reports and accounting filed with this Court as provided herein.

44) <u>Fees and Expenses Taxed Against Debtors.</u> Receiver's fees and expenses are taxed as costs of court against the Debtors.

45) <u>Receiver Expenses and Fees.</u> The Receiver is entitled to reimbursement of their expenses and a reasonable and customary fee. Given that the Debtor had an opportunity to pay the judgment, but has not and that the Creditor has labored to get the judgments, a contingency fee is the most economical and equitable way to compensate a receiver. Competent and experienced receivers are rare. Receivers who are licensed lawyers have a high opportunity cost insofar as they are foregoing hourly work billed against retainers and/or contingency fee work that does not pose a danger to their health, safety and welfare as is many times the case with receivership work. It is presumed that a reasonable Receiver's fee is 25% of all sales of assets that come into his actual, constructive, or legal possession, and all recoveries and credits against the Judgment(s). In the case of a full collection of the Judgment(s), the Court presumes that 33% of all sales of assets that come into his actual, constructive, or legal possession, and all recoveries and credits against the Judgment(s) is reasonable.

46) <u>Receiver Reports and Discharge.</u> Receiver may file interim reports, accountings, and/or inventories to keep the Court apprised of developments, if any. Receiver shall file accountings, as necessary, setting forth the work performed, expenses incurred, and the proposed distribution of same for reimbursement of expenses, a fee, and Creditor distributions. If the Debtor files bankruptcy, Receiver's fee shall be the greater of: (i) 25% of the value of assets held in *custodia legis* during the receivership; or a reasonable hourly rate for attorneys practicing in Harris County. Receiver shall file a final accounting with a motion to terminate the receivership when collection is complete or the Receiver, in their discretion, determines that collection will not be successful.

47) <u>Attorney's fees.</u> The Court takes judicial notice of the time that is reasonable and necessary for obtaining this order and conducting other post judgment collection activities as set

forth in the application to appoint receiver. Thus, Debtor is ordered to pay Applicant $1,750 in attorney's fees for its post judgment time and expenses. See Tex. Civ. Prac. & Rem. 31.002(e). Additional fees may be awarded, after notice and hearing.

48) Tex. R. Civ. P. 679a. Personal Property Rights of Debtor: Receiver must comply with Texas Rule of Civil Procedure 679b. Receiver to Hold Property: Receiver must not disburse funds to Creditor or sell property within 14 days after serving Debtors with the Notice of Protected Property Rights, the Instructions for Protected Property Claim Form, and the Protected Property Claim Form approved by the Supreme Court, or within 17 days if service was by mail. If the Debtors assert an exemption, Receiver may only disburse funds to Creditor or sell property with Debtor's written consent or a court order.

BE IT SO ORDERED. Any and all further relief not expressly stated herein is denied.

SIGNED on this the ___ day of January 2025.

Signed: 2/6/2025 *Nicole Perdue*

_____
JUDGE PRESIDING

APPROVED & ENTRY REQUESTED:

**NICHAMOFF LAW PC**

By: /s/ Seth A. Nichamoff
_____
Seth A. Nichamoff
Attorney-in-Charge
State Bar No. 24027568
2444 Times Boulevard, Suite 270
Houston, Texas 77005
(713) 503-6706 Telephone
(713) 360-7497 Facsimile
seth@nichamofflaw.com

**ATTORNEYS FOR APPLICANT**

**APPROVED AS TO FORM and AGREEMENT TO SERVE:**

By: */s/ Travis Vargo*
 ———————————————
 Travis Vargo
 Texas Bar # 24047027
 12012 Wickchester, Suite 670
 Houston, TX 77079
 Tele: 713-524-2441
 tvargo@vargolawfirm.com

 **PROPOSED RECEIVER**

## EXHIBIT A

<u>Deadline to Comply</u>: Debtor/Debtors shall deliver the following documents in hard copy or electronic form to the Receiver within ten (10) calendar days of this Order.

<u>Scope / Time Periods:</u> Unless otherwise stated in the request, all time periods are for the four (4) years preceding the date the earliest judgment listed in the attached Order to the present.

<u>Continuing Obligation to Supplement</u>: The turnover order is continuing in nature and must be supplemented. Should Debtor(s) or their spouse come into possession, custody, or control of anything that was ordered turned over or produced, that person must turn over the item within ten (10) days.

<u>Format of Records Due to Receiver</u>: Debtor(s) shall produce records in electronically to the Receiver by email, dropbox, or other means authorized by the Receiver. The Receiver may authorize or require paper production or otherwise (e.g., native files) within his discretion.

### Definitions and Instructions.

a. "Account Information" means the login, username or other account identifier along with all passwords associated with accessing the accounts.

b. "Company" or "Companies" means all Entities in which Debtor or their spouse have an ownership interest or over which they have the right of control.

c. "Contact Information," "telephone number," and "address," mean that person's full name, nick names, d/b/a's, and all addresses (including work and residence), all telephone numbers (including home, office, fax, pager, and cell numbers), as well as e-mail, Facebook, social networking, and web site addresses. If any of the information is lacking, provide the Contact Information for every person believed to be able to provide the missing information.

d. "Copies" means complete, legible copies.

e. "Debtor" includes all Debtors as defined in the Court's Order Appointing Receiver attached hereto.

f. "Entity" or "Entities" includes all business organizations, whatever their form, including public or private corporations, professional corporations, limited liability companies, general and limited partnerships, joint ventures, unincorporated associations, and individual proprietorships in which Debtor or their spouse have an interest or over which they exercise management or control.

g. "Judgment Creditor(s)" is defined in the Court's Order Appointing Receiver attached hereto.

h. "Judgment Debtor(s)" is defined in the Court's Order Appointing Receiver attached hereto.

i. "Manager" refers collectively to anyone who is an officer, director, manager, or supervisor of an Entity, or who makes business decisions for the Companies.

j. "Order" means the turnover order in this case that is attached to this Exhibit A.

k. "Produce," means to deliver. If an item is not listed in this exhibit, the Judgment Debtor or witness must turn over the item in the time period specified by the demand.

l. "Records" and "Documents" are mutually inclusive, and include the records, documents, and items formally ordered turned over, or requested by the Receiver. Requests regarding property or Documents owned or possessed by Debtor also apply to Debtor's spouse, brothers, sisters, children, mother, father, accountants, attorneys, advisors, clients, employees, partners, or co-owners of small businesses, if the requests involve documents that Debtor would be required to turnover if Debtor had possessed or controlled the item.

m. "Debtor's spouse" or "Debtor's wife" means the common law or legal spouse of any Debtor that is served with this Order and Exhibit.

n. "Shareholder" includes the owners, members, partners and others who have ownership rights in any Entity.

o. "Turnover" includes to create a list or report, if no list or report currently exists.

p. "Turnover" also means to convey the information that is available to you, not merely the information that is of your present knowledge, including providing information, Documents or Records that are known by you, or that are in your possession, or the possession of your family, employees, co-workers, co-owners or agents, including your attorney or any agent or investigator of your attorney.

q. "Witness" means any person who is not Debtor but who may have information, Records or Documents relating to Debtor or their spouse.

r. "You" means Debtor identified of the attached Order.

Document Labeling And Identification.

a. "All" is presumed to apply to every item. If a type of item is listed, this Order means all similar items.

b. Each turned over Document, file, or photograph must be given a consecutive identification number and produced in the condition and order of arrangement in which it existed when the application for this Order was filed, including all file labels, dividers, or associated identifying markers. An index must be provided, if the documents are large, or if the Receiver requests one.

Certified Document Number: 118866416 - Page 14 of 16

c. Creating lists and compilations. To the extent that the Order or this exhibit requires Debtor to compile or create a list or document, Debtor is ordered to do so.

d. Lost Document, Records, or tangible things. If Debtor, or Debtor's wife, attorneys, agents or representatives, had possession or control of a Document, Record, or tangible thing ordered turned over which has been lost, destroyed, purged, or is not presently in their possession or control, the item must be identified and described in detail and the circumstances surrounding the loss, destruction, purging, or separation from their possession or control must also be provided, including the dates the circumstances occurred.

e. No Document, file or photograph requested by the Receiver may be altered, changed, modified, disposed of or destroyed.

**Items to Due to the Receiver from Debtor(s):**

1) All deeds, deeds of trust, land installment contracts, contracts for deeds, syndications, real estate investment trusts, partnership agreements, easements, rights of way documents involving mineral interests, mortgages, notes and closing statements relating to all real property in which Debtor has or had an interest within the last three years.

2) All promissory notes in which Debtor has or had an interest within the last three years.

3) Debtor's Articles of Organization.

4) Debtor's Operating Agreements or LLC Agreements and all amendments and modifications.

5) Debtor's Regulations, if any, and all amendments and restatements.

6) Debtor's books and records of accounts for the last three years.

7) Debtor's minutes of the proceedings of the owners or members or governing authority of Debtor and committees of the owners or members or governing authority of Debtor.

8) The current list of each member's name, mailing address, percentage or other interest in the Debtor owned by each member, and if one or more classes or groups are established in or under the articles of organization or regulations, the names of the members who are members of each specified class or group.

9) Copies of the federal, state and local information or income tax returns and franchise tax returns for each of the Debtor's three most recent tax years.

10) Copies of any document that creates, in the manner provided by the articles of organization or regulations, classes or groups of members.

11) Unless contained in the Articles of Organization or regulation, a written statement of:

    (a) the amount of a cash contribution and a description and statement of the agreed value of any other contribution made or agreed to be made by each member;

    (b) the dates any additional contributions are to be made by a member;

    (c) any event the occurrence of which requires a member to make additional contributions;

    (d) any event the occurrence of which requires the winding up of the Debtor; and

    (e) the date each member became a member of the Debtor.

12) A specimen of the Debtor's Member Unit or Share Certificate including any transfer restrictions noted on the face of the certificate or referred to thereon.

13) The current unit or share transfer ledger of the Debtor showing the certificate number, date of issuance, unit holder or shareholder name and number of shares represented to be held by any owner of the Debtor.

14) The income and expense statement for the Debtor for the past three years if they are not included under a prior request.

15) Any financial statements of the Debtor prepared for or issued by the Debtor in the previous three years.

Certified Document Number: 118866416 - Page 16 of 16



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   February 10, 2025

Certified Document Number:        118866416 Total Pages: 16

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**