**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| PRIVATE LENDER NETWORK, LLC, | § | CASE NO. 25-10742-SMR |
| | § | |
| DEBTOR. | § | Chapter 11 |
| | § | |

**APPLICATION TO EMPLOY TEXAS APPELLATE COUNSEL PLLC AS SPECIAL COUNSEL PURSUANT TO 11 U.S.C. §327(e)**

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held. Any response must be timely filed with the United States Bankruptcy Clerk, Western District of Texas, 903 San Jacinto Blvd., Ste. 322, Austin, TX 78701. If a timely response is filed, the Court will then set a hearing on the Motion, and you will be provided with notice of the date, time, and place of the hearing. If you do not attend the hearing, the Court may decide that you do not oppose the Motion.**

TO THE HONORABLE SHAD M. ROBINSON, U.S. BANKRUPTCY JUDGE:

COMES NOW Private Lender Network, LLC (the "**Debtor**"), as debtor and debtor-in-possession in the above-captioned bankruptcy case, and files this *Application to Employ Texas Appellate Counsel PLLC as Special Counsel Pursuant to 11 U.S.C. §327(e)* (the "**Application**"), and would show the Court as follows:

1. The Debtor commenced the case (the "**Chapter 11 Case**") on May 20, 2025 (the "**Petition Date**") by filing a Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

2. The Debtor continues to operate its business as Debtor-in-Possession under

Sections 1107 and 1108 of the Bankruptcy Code. The Court has not appointed a trustee or examiner in this case.

3. The bankruptcy estate assets include an interest in certain litigation currently on appeal. The appeals were commenced prior to the filing of this bankruptcy case. These include the following:

   a. Case No.14-25-00059-CV Noble Capital Servicing, LLC, v. House Mosaic Holdings, LLC, Amelia Jarmon, Phillis A. Jarmon, and Shawn R. Clark in the Texas Fourteenth Court of Appeals;

   b. Case No. 01-25-00278-CV Noble Capital Servicing, LLC v. House Mosaic Holdings, LLC, in the Texas First Court of Appeals;

   c. 03-24-00178-CV Noble Capital Servicing, LLC, v. David Quy, Beth Quy, John David Matson, and Elizabeth Chunn Matson, in the Texas Third Court of Appeals.

4. The first two appeals relate to an unfavorable ruling against Debtor, which resulted in a judgment in favor of House Mosaic Holdings, LLC, and the third a conflict over sale of a real property which the Debtor is servicing for its investors. Resolution of these matter is crucial to the estate, because if the Debtor prevails, the estate will clarify assets of and claims against the estate, smoothing the path to a successful reorganization.

5. Texas Appellate Counsel PLLC ("Texas Appellate") was employed by Debtor prior to the bankruptcy filing to pursue the appeal.

6. The Debtor believes Texas Appellate should be hired as special counsel to continue pursuing the appeals. The litigation involves a complicated procedural history and a tangled web of facts. Texas Appellate has detailed knowledge of the cases to date and is the best

positioned to continue representing the Debtor in matters that are crucial to the estate.

7. The attorneys handling the matter are licensed by the State Bar of Texas. Texas Appellate has an extensive appellate practice, often involving novel or complex legal issues, in a wide variety of civil disputes, and is well equipped to handle the issues on appeal in the case.

8. The attorneys of Texas Appellate will charge their normal hourly rates. The attorney who will be primarily responsible is D. Todd Smith, whose current hourly rate is $595.00, and which may be adjusted upward at the beginning of each calendar year. Paralegals, will charge $125 per hour. The attorneys will also be entitled to reimbursement of reasonable expenses. Attached hereto as **Exhibit "A"** are the fee agreements of Texas Appellate. No compensation will be paid by the Debtor until a fee application has been filed and approved by the court, pursuant to 11 U.S.C. §330 and the requirements of any other applicable law. Texas Appellate will likely be paid by a third party affiliate, and will disclose all fees paid pursuant to Bankruptcy Rule 2016.

9. Texas Appellate maintains an office for practice of law at 3201 Bee Caves Road Suite 120 #160157, Austin, TX 78746, telephone and fax (737) 802-1800, Todd@TexAppCounsel.com.

10. Texas Appellate has no interest adverse to the estate on the matters for which it is being employed. Attached hereto as **Exhibits "B" and "C"**, respectively, are the Disclosure of Compensation under 11 U.S.C. §329 and Bankruptcy Rule 2016(b) and the affidavit of D. Todd Smith indicating that Texas Appellate has no interest adverse to this estate regarding the appeal.

11. Texas Appellate is owed pre-petition fees, but these, standing alone, and in the face of the benefits to be gained from Texas Appellate's employment, do not bar Texas Appellate from employment under §327(e). That section permits employment of an attorney previously employed by the Debtor so long as employment is in the best interests of the estate and the attorney does not

3

"represent or hold any interest adverse to the Debtor or the estate with respect to the matter on which such attorney is to be employed." Cases have held that attorneys qualify pursuant to 327(e) even if they are owed funds as long as they do not have any interest adverse to the estate regarding the matter for which they are to be employed, such as representing an adverse party. *In re Talsma*, 436 B.R. 908, 916 (Bankr. N.D. Tex. 2010) citing *In re DeVlieg, Inc.*, 174 B.R. 497, 503 (N.D. Ill. 1994)("327(e)…[permits] counsel to have claims for prior fees"); *In Re Mallinckrodt PLC*, No. BR 20-12522-JTD, 2022 WL 906462, at *6 (D. Del. Mar. 28, 2022).

WHEREFORE, the Debtor respectfully requests that the Court enter an order approving the *Application to Employ Texas Appellate Counsel PLLC as Special Counsel Pursuant to 11 U.S.C. §327(e)*, as set forth above, and granting such other relief as is just and proper.

Dated: June 20, 2025

Respectfully submitted,

**HAYWARD PLLC**

*/s/ Ron Satija*
Ron Satija
Texas State Bar No. 24039158
**Hayward PLLC**
7600 Burnet Road, Suite 530
Austin, Texas 78757
(737) 881-7102 (Phone/Fax)
rsatija@haywardfirm.com
**Counsel for Debtor**

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2025, the foregoing application was served via CM/ECF on all parties requesting such service with exhibits; and within one business day, a Notice of Employment was service via First Class U.S. Mail to the parties below and on the attached matrix without exhibits. The complete application, with exhibits, is available by request to the Debtor's Counsel.

*/s/ Ron Satija*
Ron Satija

4