## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| PRIVATE LENDER NETWORK, LLC | § | CASE NO. 25-10742 |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

### HOUSE MOSAIC HOLDING, LLC'S MOTION TO (A) DISMISS THIS BANKRUPTCY CASE PURSUANT TO SECTION 1112 OF THE BANKRUPTCY CODE OR, IN THE ALTERNATIVE, (B) APPOINT A CHAPTER 11 TRUSTEE PURSUANT TO SECTION 1104 OF THE BANKRUPTCY CODE

> **THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**
>
> **IF NO TIMELY RESPONSE IS FILED WITHIN 21 DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**
>
> **A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD. ANY RESPONSE MUST BE TIMELY FILED WITH THE UNITED STATES BANKRUPTCY CLERK, WESTERN DISTRICT OF TEXAS, 903 SAN JACINTO BLVD., SUITE 322, AUSTIN, TX 78701. IF A TIMELY RESPONSE IS FILED, THE COURT WILL THEN SET A HEARING ON THE MOTION, AND YOU WILL BE PROVIDED WITH NOTICE OF THE DATE, TIME, AND PLACE OF THE HEARING. IF YOU DO NOT ATTEND THE HEARING, THE COURT MAY DECIDE THAT YOU DO NOT OPPOSE THE MOTION.**

**TO THE HONORABLE SHAD ROBINSON,**
**UNITED STATES BANKRUTPCY JUDGE:**

House Mosaic Holding, LLC ("**HMH**"), the major unsecured creditor of Private Lender Network, LLC (the "**Debtor**"), hereby files this *Motion to (A) Dismiss this Bankruptcy Case Pursuant to Section 1112 of the Bankruptcy Code or, in the alternative, (B) Appoint a Chapter 11 Trustee Pursuant to Section 1104 of the Bankruptcy Code* (the "**Motion**"). In support hereof, HMH respectfully states as follows:

### SUMMARY OF ARGUMENT

1.      Dismissal of this bankruptcy case is in the best interests of the creditors and the estate.  The Debtor has a negative net worth.[1] Dismissal is warranted because the Debtor does not have a reasonable likelihood of rehabilitation, and the creditors are better served with dismissal.

2.      In the alternative, the appointment of a chapter 11 trustee is appropriate because this estate would be well served by having an independent third party evaluate the business prospects of this Debtor.  Based on the Debtor's failure to fully disclose its assets.

## JURISDICTION AND VENUE

3.      The United States Bankruptcy Court for the Western District of Texas (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2).  Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The predicates for relief requested herein are section 1112(b) and 1104(a) of title 11 of the United States Code (the "**Bankruptcy Code**").

## FACTUAL BACKGROUND

5.      The business model of the Debtor, Private Lender Network, LLC, formerly known as Noble Capital Servicing, LLC, "involves loan servicing including handling funds and foreclosures for investors."[2]

6.      HMH holds a wholly unsatisfied judgment against Debtor in the amount of $2,958,229.77, and together with interest accrued, costs and attorneys' fees, totaling $4,906,992.03 at the time of the bankruptcy, without incorporating receiver's fees, entered in Cause No. 2017-

---

[1] Affidavit by Grady Collins
[2] *See* Debtor's Form 207, Doc. No. 30, Part 11, ¶ 21.2, P. 24.

80445, *House Mosaic Holdings, LLC v. Noble Capital Servicing, LLC*, 133rd Judicial District

Court, Harris County, Texas.

7.      On May 20, 2025, the Debtor commenced a voluntary case under Chapter 11 of the

Bankruptcy Code (this "**Bankruptcy Case**"), thereby staying enforcement of the judgment in

Cause No. 2017-80445.

8.      The Debtor's schedules fail to disclose many assets owned by the Debtor.

## LEGAL AUTHORITY

**A.      The Court should dismiss the Bankruptcy Case for "cause" under Section 1112(b)(4).**

9.      Bankruptcy Code § 1112(b) provides that the Court may dismiss a Chapter 11

bankruptcy case for "cause." The Bankruptcy Code provides a non-exhaustive list of factors

demonstrating cause, including, among other things, substantial or continuing loss to or diminution

of the estate and the absence of a reasonable likelihood of rehabilitation. 11 U.S.C. § 1112(b)(4).

To demonstrate cause pursuant to § 1112(b)(4)(A), the moving party must demonstrate that there

is both (1) a substantial or continuing loss to or diminution of the estate and (2) the absence of a

reasonable likelihood of rehabilitation. *In re TMT Procurement Corp.,* 534 B.R. 912, 918 (Bankr.

S.D. Tex. 2015).

**i.      The Debtor's estate suffers continuing losses, thus satisfying the first prong of Section 1112(b)(4)**

10.      To satisfy the first prong of Section 1112(b)(4), HMH must show that there is a

"continuing loss to or diminution of the estate". *Id.* The loss may be substantial or continuing; it

need not be both. *Id.* (citing 7 Collier on Bankruptcy ¶ 1112.04[6][a][i] (Alan N. Resnick & Henry

J. Sommer eds., 16th ed. 2014)) ("By the use of the word 'substantial' in section 1112(b)(4)(A),

Congress has indicated that a loss need not be continuing in order to satisfy the first prong of this

enumerated cause."). Cause can be shown by demonstrating that the debtor suffered or has continued to experience a negative cash flow or declining asset values following the order for relief. *Id.* (citing *In re Paterno*, 511 B.R. 62, 66 (Bankr. M.D.N.C. 2014)). "Negative cash flow alone can be sufficient cause to dismiss or convert under § 1112(b)." *In re Miell*, 419 B.R. 357, 366 (Bankr. N.D. Iowa 2009) (citing *Loop Corp. v. United States Trustee*, 379 F.3d 511, 515-16 (8th Cir. 2004). Here, the Debtor had negative cash flow in July 2025. The Debtor continues to accrue administrative expenses, including the daily incurrence of additional professional fees from administering this Bankruptcy Case. Further, the Debtor as not attempted to collect on any of the judgements and has not exercise its rights under its transactions documents to maximize the estate. As such, the Debtor has continuing losses to the estate.

      **ii.**      **The Debtor does not have a reasonable likelihood of rehabilitation, thus satisfying the second prong of Section 1112(b)(4).**

11.      The second requirement of § 1112(b)(4)(A) is the absence of a reasonable likelihood of rehabilitation. *In re TMT Procurement Corp.*, 534 B.R. at 920. Rehabilitation does not mean reorganization, which could involve liquidation. *Id.* "Instead, rehabilitation signifies something more, with it being described as 'to put back in good condition; re-establish on a firm, sound basis'". *Id.* (citing *In re Westgate Properties, Ltd.*, 432 B.R. 720, 723 (Bankr. N.D. Ohio 2010) (quoting *In re V Cos.*, 274 B.R. 721, 726 (Bankr. N.D. Ohio 2002)). The issue of rehabilitation for purposes of Section 1112(b)(4)(A) is not the technical one of whether the debtor can confirm a plan, but, rather, whether the debtor's business prospects justify continuance of the reorganization effort. *Id.*

12.      The Debtor has no prospects of rehabilitation and has not put forward any viable option to reorganize, given the negative net worth and the lack of assets of the Debtor.

**<u>PRAYER</u>**

**WHEREFORE**, HMH requests this Court to either (1) dismiss this Bankruptcy Case under 11 U.S.C. § 1112, due to a substantial or continuing loss to or diminution of the estate or, the absence of a reasonable likelihood of rehabilitation alternatively, (2) appoint a Chapter 11 trustee.

Respectfully submitted,

**TRAN SINGH LLP**
*/s/Susan Tran*
Susan Tran Adams| TBN: 24075648
Brendon Singh | TBN: 24075646
2502 La Branch Street
Houston TX 77004
Ph: (832) 975-7300
Fax: (832) 975-7301
Email: bsingh@ts-llp.com

**ATTORNEYS FOR CREDITOR
HOUSE MOSAIC HOLDING, LLC**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify under penalty of perjury that this Motion was served on August 28, 2025, to the creditors listed on the attached creditor mailing matrix via ECF/CM or U.S. Mail.

*/s/Susan Tran*
Susan Tran

**<u>Exhibit 1- Proposed Order</u>**

UNITED STATES BANKRUPTCY
COURT WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-10742 |
| | § | |
| PRIVATE LENDER NETWORK, LLC | § | |
| | § | |
| Debtor | § | Chapter 11 |
| | § | |
| | § | |

### <u>ORDER GRANTING HOUSE MOSAIC HOLDING LLC'S</u>
### <u>MOTION TO DISMISS</u>
(Relates to Docket No____)

CAME ON FOR CONSIDERATION, the M*otion to (A) Dismiss this Bankruptcy Case Pursuant To Section 1112 of the Bankruptcy Code or, in the alternative, (B) Appoint A Chapter 11 Trustee Pursuant to Section 1104 of the Bankruptcy Code* filed by House Mosaic Holding, LLC, Creditor.  Accordingly, the Court finds sufficient cause to grant the relief requested.

IT IS, THEREFORE, **ORDERED** that Debtor's Chapter 11 bankruptcy case is dismissed.

###

## **Exhibit 2- Proposed Order**

UNITED STATES BANKRUPTCY
COURT WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-10742 |
| | § | |
| PRIVATE LENDER NETWORK, LLC | § | |
| | § | |
| Debtor | § | Chapter 11 |
| | § | |
| | § | |

### ORDER GRANTING HOUSE MOSAIC HOLDING LLC'S MOTION TO APPOINT A CHAPTER 11 TRUSTEE
(Relates to Docket No____)

CAME ON FOR CONSIDERATION, the *Motion to (A) Dismiss this Bankruptcy Case Pursuant To Section 1112 of the Bankruptcy Code or, in the alternative, (B) Appoint A Chapter 11 Trustee Pursuant to Section 1104 of the Bankruptcy Code* filed by House Mosaic Holding, LLC, Creditor.  Accordingly, the Court finds sufficient cause to grant the relief requested.

IT IS, THEREFORE, **ORDERED** that a Chapter 11 Trustee is appointed.

###